**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

MARY I. HINES,

      Plaintiff,

     v.                            **CIVIL ACTION NO. 2:05cv271**

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## OPINION AND ORDER

This matter comes before the court on plaintiff's motion for attorneys' fees and costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Specifically, plaintiff's counsel requests $6870.13 in attorneys' fees and $947.36 in costs. Defendant partially opposes plaintiff's motion. For the reasons set forth herein, plaintiff's motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I. Factual and Procedural History

On July 6, 1998, plaintiff Mary I. Hines ("Hines") filed an application for disability benefits under the Social Security Act, as amended, 42 U.S.C. § 401 et seq., due to degenerative arthritis, chronic pain syndrome, and asthma. Hines's application was denied by the Social Security Administration initially and on reconsideration. Hines then requested and was granted a hearing before an Administrative Law Judge ("ALJ") of the Social Security

Administration, which hearing was held on August 11, 1999.   On October 29, 1999, however, the ALJ also denied disability benefits to Hines.   Thereafter, Hines appealed this unfavorable decision, but the Appeals Council of the Office of Hearings and Appeals of the Social Security Administration ("Appeals Council") denied her request for review.   This decision was considered the "final decision" of the Commissioner of Social Security ("Commissioner"), which was subject only to judicial review under 42 U.S.C. § 405(g).

On August 15, 2001, Hines sought judicial review and filed her first complaint, Civil Action No. 2:01cv614, in this court.   In this first proceeding, Hines filed a motion for summary judgment, or in the alternative, to vacate the Commissioner's decision and remand for further administrative proceedings.   The Commissioner acknowledged error in the administrative decision and also moved the court to remand for further proceedings.   On September 30, 2002, this court accepted the United States Magistrate Judge's report and recommendation, which denied plaintiff's motion for summary judgment, but vacated the ruling of the Commissioner and remanded the case to the Social Security Administration for further consideration under sentence four of 42 U.S.C. § 405(g).[1]   On October 1, 2002, this court entered judgment to that effect and the

---

[1] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

case officially closed.

After this court ordered the remand, the Appeals Council, on November 18, 2002, remanded the case to an ALJ for further proceedings. Following two additional administrative hearings, the ALJ issued another unfavorable decision against Hines on November 28, 2004. The Appeals Council declined review, and this decision became the final decision of the Commissioner, subject only to judicial review under 42 U.S.C. § 405(g).

Subsequently, on May 6, 2005, Hines again sought judicial review and filed the instant complaint, Civil Action No. 2:05cv271, in this court. In this second proceeding, the parties filed cross-motions for summary judgment. On June 1, 2006, this court adopted the Magistrate Judge's report and recommendation and granted plaintiff's motion for summary judgment and awarded her disability benefits. Thereafter, on August 30, 2006, plaintiff filed the present motion for EAJA attorneys' fees and costs under 28 U.S.C. § 2412(d), incurred in <u>both</u> the 2001 and 2005 civil actions. The Commissioner does not dispute that plaintiff is entitled to attorneys' fees for work performed in the 2005 action.[2] However,

---

[2] Even though the Commissioner does not expressly admit that plaintiff is also entitled to costs related to the 2005 action, this court will assume that there is no objection to such, as it is provided by 28 U.S.C. § 2412(d). Furthermore, while the Commissioner readily concedes that plaintiff is entitled to attorneys' fees related to the 2005 action, the Commissioner misstates two figures important to the overall calculation for attorneys' fees. First, the Commissioner misstated plaintiff's requested adjusted hourly rate as $181.75, when it was $181.99.

the Commissioner objects to plaintiff's claim for attorneys' fees associated with the 2001 action.[3]  Specifically, the Commissioner contends that plaintiff's time to move for recovery of attorneys' fees in the 2001 action has expired under 28 U.S.C. § 2412(d). Plaintiff did not file a reply to the Commissioner's partial objection to her motion.

## II. Analysis

Under the EAJA, the court must award attorneys' fees to a prevailing party in a civil case if: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely filed a petition supported by an itemized statement.  See Crawford v. Sullivan, 935 F.3d 655, 656 (4th Cir. 1991); Large v. Barnhart, 432 F. Supp. 2d 645, 646-47 (W.D. Va. 2006) (citing 28 U.S.C. § 2412(d)(1)(A)).  The parties do not dispute the first three elements; thus, the only issue to be decided by this court is whether the plaintiff filed a timely petition for attorneys' fees and costs for work performed in the 2001 action.

According to 28 U.S.C. § 2412(d)(1)(B), a prevailing party

---

Second, the Commissioner misstated the number of hours worked by plaintiff's counsel in the 2005 action as 16.75, when it was 17.00.

[3] Although the Commissioner does not expressly object to plaintiff's recovery of costs incurred during the 2001 action, this court will assume such an objection.

must apply for fees and other expenses "within thirty days of final judgment in the action."   This court must first determine what constitutes a final judgment within the meaning of this statute. The Supreme Court has held that a "final judgment" for purposes of § 2412(d)(1)(B) means "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).   The Supreme Court has further concluded that a remand granted under sentence four of 42 U.S.C. § 405(g) constitutes such a final judgment.   See Shalala v. Schaefer, 509 U.S. 292, 297-98 (1993); Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).   Sentence four of § 405(g) specifically authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."   Under § 405(g), the Supreme Court has stated that each final decision of the Commissioner is reviewable by a "separate piece of litigation" and a sentence-four remand "terminate[s] the civil action" seeking judicial review of the final decision.   Schaefer, 509 U.S. at 299 (quoting Finkelstein, 496 U.S. at 624-25 (emphasis added) (internal quotation marks omitted)).   Thus, a remand issued under sentence four of § 405(g) terminates the civil action and constitutes a final judgment under 28 U.S.C. § 2412(d).

In the 2001 action, this court's order, which vacated the Commissioner's decision and remanded the case for further

consideration at the administrative level, constituted a "final judgment" as it granted remand pursuant to sentence four of 42 U.S.C. § 405(g). In entering this judgment, this court adopted the report and recommendation of the Magistrate Judge. In that report, the Magistrate Judge specifically noted that he recommended remand pursuant to sentence four of § 405(g). Thus, the first action officially terminated on October 1, 2002, when this court entered judgment remanding the case.

Next, having established that a sentence-four remand under § 405(g) constitutes a final judgment, this court must now determine the time frame within which a prevailing party must file for recovery of attorneys' fees and costs.[4] As previously stated, a prevailing party must apply for fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The Supreme Court has held that this "30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Melkonyan, 501 U.S. at 96. Thus, after a final judgment is entered by the district court, the EAJA's thirty-day clock will begin to

---

[4] Although this court denied plaintiff's motion for summary judgment in the 2001 action, it granted plaintiff's motion to the extent that plaintiff requested a vacation of the Commissioner's decision and remand for further administrative proceedings. Thus, for purposes of this Order only, plaintiff is considered a prevailing party in the 2001 action. See Schaefer, 509 U.S. at 300; Porter v. Barnhart, No. 04C6009, 2006 WL 1722377 (N.D. Ill. June 19, 2006) (stating that plaintiff is considered a prevailing party because the court remanded the case pursuant to sentence four of 42 U.S.C. § 405(g)).

6

run at the end of the sixty days for appeal provided under Federal Rule of Appellate Procedure 4(a). As a result of reading these two provisions together, a party seeking to recover EAJA attorneys' fees and costs must file within ninety days after entry of a final judgment.

In the 2001 action, plaintiff's time for petitioning for attorneys' fees and costs began to run on October 1, 2002, the date final judgment was entered. Thus, plaintiff's counsel would have had to file his application for fees and costs by December 30, 2002, which was ninety days after entry of that final judgment. Plaintiff's counsel did not, however, file an application for EAJA fees and costs until August 30, 2006, a full three years and eight months beyond the statutory deadline. Plaintiff's counsel clearly failed to meet the requirements of 28 U.S.C. § 2412(d), and as a result, this court **DENIES** his request for EAJA fees and costs for work related to Civil Action No. 2:01cv614. However, as there is no dispute over plaintiff's entitlement to fees and costs in the 2005 action, this court **GRANTS** plaintiff's request for EAJA fees and costs for work related to this instant case, Civil Action No. 2:05cv271.

With regard to the actual calculation of plaintiff's award, plaintiff's counsel has requested fees at the statutory rate of $125 per hour, plus a cost of living increase consistent with the

Consumer Price Index, for an adjusted rate of $181.99 per hour.[5] For the 2005 case, plaintiff's counsel has submitted an itemized statement, which indicates that he expended 17.00 hours of work. Accordingly, seventeen hours at $181.99 an hour equals $3093.83. In addition to requesting attorneys' fees, plaintiff's counsel requested costs of $353.04, as related to the 2005 action, which was also supported by an itemized list.  The Commissioner does not contest the reasonableness or validity of plaintiff's calculations, and upon examination, the court finds plaintiff's request of $3093.83 in attorneys' fees and $353.04 in costs to be reasonable, properly calculated, and within the purview of the EAJA.

### III. Conclusion

For the foregoing reasons, plaintiff's motion for attorneys' fees and costs is **GRANTED-IN-PART** and **DENIED-IN-PART**.  It is therefore **ORDERED** that plaintiff's counsel be awarded attorneys' fees in the amount of $3093.83, as well as costs in the amount of

---

[5] Under EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The Fourth Circuit has held that a general cost of living index, such as the United States Department of Labor's Consumer Price Index is the appropriate measure by which to calculate a cost of living enhancement to a statutory fee.  See Sullivan v. Sullivan, 958 F.2d 574, 578 (4th Cir. 1992).  Plaintiff appropriately utilized the Consumer Price Index in calculating the figures she submitted.

$353.04. The Clerk is **DIRECTED** to send a copy of the Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
_____
Rebecca Beach Smith

Norfolk, Virginia
October 3, 2006